UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Anthony Carpenito</u>


    v.                                            Civil No. 09-cv-021-SM

<u>William Wrenn, Commissioner,</u>
<u>New Hampshire Department of Corrections</u>[1]


**O R D E R**


Before the Court is Anthony Carpenito's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254[2], alleging

---

[1] I construe this action to name Larry Blaisdell, the Warden of the Northern New Hampshire Correctional Facility, where Carpenito is incarcerated, as the respondent to this action. See <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 435 (2004) (general rule is that the proper respondent in habeas challenge to present physical confinement is the warden of the facility where the prisoner is being held, rather than a remote supervisory official).

[2] Because Carpenito's challenge is to the execution of his theft sentence, rather than its underlying legality, the relief Carpenito seeks arises either under 28 U.S.C. § 2254, which confers jurisdiction on this Court to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), or under 28 U.S.C. § 2241, which confers jurisdiction on this Court to issue writs of habeas corpus in response to a petition from a state or federal prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(a) and (c)(3). I need not decide this matter at this stage of the proceedings.

that he is presently serving a sentence that has expired.  The matter is before me for preliminary review to determine whether or not the claim raised in the petition is facially valid and may proceed.  <u>See</u> Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules"); <u>see also</u> United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing magistrate judge to preliminarily review pro se prisoner filings pursuant to 28 U.S.C. § 1915A).

Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review.  LR 4.3(d)(2).  In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. <u>See</u> <u>Erickson v. Pardus</u>, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) and <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  <u>See</u>

Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

Carpenito claims that his continued incarceration pursuant to his theft conviction, which has extended beyond the expiration of his maximum sentence for that charge, violates the Fifth, Fourteenth, and Eighth Amendments to the United States Constitution. The following chronology of events is gleaned from Carpenito's petition (document nos. 1 and 4 – 6), which has been supplemented by sentencing orders of the New Hampshire Superior Courts and a copy of the Respondent agency's own records regarding Carpenito's sentence. I have also taken note of the information available regarding Carpenito's sentence on the New Hampshire Department of Corrections' website.

- On May 18, 1993, Carpenito was sentenced to serve 1-10 years in prison on a charge of theft. He was granted 280 days of pretrial credit toward that sentence.

- Accordingly, Carpenito reached his minimum parole eligibility date 85 days after he was sentenced, on August 11, 1993. His maximum parole date would therefore have been August 11, 2002.

- Carpenito was released on parole on August 16, 1993.

- On December 15, 1999, Carpenito was returned to prison on a parole violation.

- On August 27, 2001, Carpenito was released to the prison's Administrative Home Confinement program ("AHC") which entails home confinement and electronic monitoring of an inmate committed to the custody of the New Hampshire Department of Corrections.

- On September 26, 2001, Carpenito escaped from AHC.

- At the time of his escape, Carpenito had 288 days remaining to serve on his maximum sentence.

- On March 12, 2007, Carpenito was directed to begin serving the remainder of his theft sentence. On that date, Carpenito was also sentenced to serve 2-5 years for the escape, consecutive to the theft sentence.

- The maximum term of Carpenito's sentence expired 288 days later, on January 14, 2008.

- Notwithstanding the expiration of his theft sentence, the New Hampshire Adult Parole Board scheduled a parole hearing in Carpenito's theft sentence in April of 2008, and denied him parole to his escape sentence at that time. No further parole hearing has been scheduled.

- As to the escape charge, Carpenito, on January 15, 2008, having served his entire maximum term on the theft charge as of January 14, 2008, should have

> commenced serving his 2-5 year consecutive sentence. Carpenito was granted pretrial credit on the escape charge in the amount of 312 days. Accordingly, on May 4, 2009, two years less 312 days since his sentence should have commenced, Carpenito will reach his minimum parole eligibility date on his escape sentence. He will reach the maximum expiration date for that sentence on May 4, 2012.

## Discussion

I. <u>Illegal Incarceration Claim</u>[3]

Carpenito claims that he is being incarcerated past the maximum expiration date of his sentence. Such custody violates Carpenito's Fifth, Eighth, and Fourteenth Amendment rights not to be incarcerated absent a valid conviction and sentence. See Banks v. York, 515 F. Supp. 2d 89, 115 (D.D.C. 2007) (citing Berry v. Baca, 379 F.3d 764, 773 (9th Cir. 2004); Davis v. Hall, 375 F.3d 703, 714 (8th Cir. 2004) (plaintiff alleged that defendants "deprived him of a protected liberty interest by continuing to confine him after he completed his sentence and was ordered immediately released"); Moore v. Tartler, 986 F.2d 682, 686 (3d Cir. 1993) ("Subjecting a prisoner to detention beyond the termination of his sentence has been held to violate the

---

[3] As identified herein, this claim will be considered to be the sole claim raised in the habeas petition for all purposes. If Carpenito disagrees with this understanding of the petition, he must do so by properly moving to amend his habeas petition.

eighth amendment's proscription against cruel and unusual punishment."); Golson v. Dep't of Corrs., Nos. 90-7344, 90-7345, 1990 WL 141470, at *1 (4th Cir.1990) ("Incarceration beyond the termination of one's sentence may state a claim under the due process clause and the eighth amendment."); Lewis v. O'Grady, 853 F.2d 1366, 1370 (7th Cir.1988) and Douthit v. Jones, 619 F.2d 527, 532 (5th Cir.1980) ("Detention of a prisoner thirty days beyond the expiration of his sentence in the absence of a facially valid court order or warrant constitutes a deprivation of due process.")).

Upon reviewing this petition, the Court is concerned that Carpenito may in fact be serving a long-expired sentence. While the Court recognizes that Carpenito must also serve a prison term for escape consecutively to his theft sentence, given the approach of his minimum parole eligibility date on his second sentence, if the facts presented are accurate, the presence of a consecutive sentence does little to reduce the urgency of this matter.

II. Custody and Exhaustion

Section 2254(a) confers jurisdiction on this Court to issue "writs of habeas corpus on behalf of a person in custody pursuant

to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Accordingly, to seek habeas relief under § 2254, must allege both that his state conviction or sentence violates some right accorded to him under federal law, and that he is in custody pursuant to that state conviction or sentence. See Maleng v. Cook, 490 U.S. 488, 491 (1989). As Carpenito is presently incarcerated, I find that he has satisfied this requirement under § 2254.

In addition to demonstrating that he is "in custody," to be eligible for habeas relief, Carpenito must show that he has exhausted all state court remedies, or that he is excused from exhausting those remedies because of an absence of available or effective state corrective processes. See 28 U.S.C. § 2254(a) & (b); see also Braden v. 30th Jud. Cir. Ct., 410 U.S. 484, 489-92 (1973); Benson v. Super. Ct. Dep't of Trial Ct., 663 F.2d 355, 358-59 (1st Cir. 1981). At this time, Carpenito's petition does not demonstrate that he has exhausted his state remedies.

A petitioner's remedies in New Hampshire are exhausted when the state's highest court has had an opportunity to rule on the petitioner's federal constitutional claims. See Lanigan v.

Maloney, 853 F.2d 40, 42 (1st Cir. 1988) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the state courts to give them the first opportunity to remedy the claimed constitutional error). "In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'" Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (quoting Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000) (internal citations omitted)). A petitioner may fairly present a claim by: (1) citing a provision of the federal constitution, (2) presenting a federal constitutional claim in a manner that fairly alerts the State court to the federal nature of the claim, (3) citing federal constitutional precedents, (4) claiming violation of a right specifically protected in the federal constitution,

or, in some circumstances, (5) citing to state court decisions that rely on federal law or articulation of a state claim that is indistinguishable from one arising under federal law.  Clements, 485 F.3d at 162 (citing Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987) and Nadworny v. Fair, 872 F.2d 1093, 1099-1100 (1st Cir. 1989)); see Baldwin v. Reese, 541 U.S. 27, 32 (2004) (A litigant wishing to raise a federal issue can exhaust the federal issue in the state courts "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"); cf. Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988) (finding that simply reciting facts underlying a state claim, where those facts might support either a state or federal claim, without more, is clearly inadequate to constitute fair presentation of a federal claim to a state court).

   Carpenito has not alleged any facts indicating that the claim presented here, including the federal nature of the claim, has ever been raised in the state courts.  Further, Carpenito has neither alleged nor demonstrated that effective state court corrective processes are unavailable to him.  Carpenito has therefore failed to demonstrate exhaustion.  Again, as the

9

petition does not conclusively negate the possibility that Carpenito's habeas claim has been exhausted, I will allow Carpenito the opportunity to amend his petition to demonstrate that his claim has, in fact, been exhausted, or that he should be excused from exhaustion due to the unavailability of effective state corrective processes.

## Conclusion

I direct Carpenito to amend his petition within thirty days of the date of this Order to demonstrate that the claim raised, including the federal nature of the claim, has been exhausted in the state courts.  To demonstrate exhaustion, Carpenito must submit documents to this Court which show that the claim raised in this petition, including the federal nature of the claim, has previously been presented to the state courts, including the New Hampshire Supreme Court, for consideration.

If Carpenito has not exhausted his claim, or fails to adequately demonstrate exhaustion thereof, I will recommend that this matter be dismissed without prejudice to the refiling of a timely petition upon completion of exhaustion in the state courts.

The Clerk's Office is directed to forward courtesy copies of this Order to William Wrenn, the Commissioner of the New Hampshire Department of Corrections, and to New Hampshire Attorney General Kelly Ayotte. If the facts of this matter, as presented here, are accurate, the Court has no doubt that both Commissioner Wrenn and Attorney Ayotte would seek to correct the situation as quickly as possible, irrespective of exhaustion.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:   February 27, 2009

cc:     Anthony Carpenito, pro se